UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES M. LAKAMP and MARIANNE LAKAMP, husband and wife, individually and as Trustees of THE LAKAMP FAMILY TRUST UTD FEBRUARY 23, 1999; and CHARLES M. LAKAMP, doing business as METROM ASSOCIATED SERVICE, a California sole proprietorship,<br><br>     Plaintiffs,<br>v.<br><br>JOHN L. RUNFT, an individual; JOHN CRIGLER, an individual; JOHN MALLETTA, an individual; CWT, LLC, an Idaho limited liability company; IRWS LLC, an Idaho limited liability company; DORFKRÜG INTERNATIONAL, INC., an Idaho corporation; SIMCO VENTURE FUND, LLC, an Idaho limited liability company; RUNFT & STEELE LAW OFFICES, PLLC, an Idaho professional limited liability company; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. 1:20-cv-00544-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Dismiss Defendant John Malletta (the "Motion to Dismiss"). Dkt. 92. Malletta's Estate objected to the Motion to Dismiss and filed a Motion to Substitute. Dkt. 93.

MEMORANDUM DECISION AND ORDER - 1

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion to Dismiss (Dkt. 92) and GRANTS the Motion to Substitute (Dkt. 93).

## II. BACKGROUND

Plaintiffs Charles M. LaKamp, Marianne LaKamp, the LaKamp Family Trust UTD 02.23.99, and Metrom Associated Service (collectively, the "LaKamps") brought this suit against Defendants John L. Runft; John Crigler; John Malletta; CWT, LLC; IRWS LLC; DorfKrüg International, Inc.; Simco Venture Fund, LLC; and Runft & Steele Law Offices, PLLC. Dkt. 45.

Defendant John Malletta died on February 6, 2022. Nearly one month later, on March 2, 2022, counsel for Malletta notified the Court of Malletta's death. Dkt. 64. That notice says in its entirety, "Undersigned counsel hereby notifies the Court and parties that Defendant John Malletta passed away on February 6, 2022." *Id.*

Before ever filing a motion for substitution, Malletta's counsel, presumably on behalf of Malletta's Estate (the "Estate"), filed a motion for summary judgment on May 6, 2022, three months after Malletta's death. Dkt. 78. The motion for summary judgment makes no mention of Malletta's death or that the Estate was assuming Malletta's position

in the lawsuit.

Additionally, Malletta's counsel, again presumably on behalf of the Estate, filed a joinder to another motion for summary judgment on May 27, 2022. Dkt. 88. This joinder also did not mention Malletta's death or that the Estate was assuming Malletta's position in the lawsuit.

On June 2, 2022, the LaKamps filed the instant Motion to Dismiss asserting that the Court should dismiss Malletta pursuant to Federal Rule of Civil Procedure 25(a)(1). Dkt. 92. The Estate[1] responded to the Motion to Dismiss on that same day. Dkt. 93. That response brief requests that "Malletta . . . be permitted to substitute the Estate of John Malletta, Decedent as the relevant party at this time"; this is the Motion to Substitute. *Id.* at 2. The LaKamps filed a reply brief on June 16, 2022. Dkt. 105. The Motion to Dismiss and the Motion to Substitute are now ripe for the Court's review.

### III. DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The LaKamps argue that the 90-day period was triggered by the Notice of Death filed by Malletta's attorney on March 2, 2022. The Estate does not disagree with this

---

[1] Malletta has died, yet the response brief is styled as coming from Malletta by and through his counsel. For clarity, the Court will utilize "Malletta" when referring only to the deceased Defendant and "the Estate" when referring to the "party" filing pleadings after Malletta's death.

starting date but argues there was excusable neglect such that the Court should extend the period and allow substitution now. Alternatively, the Estate asks for Rule 11 sanctions against the LaKamps.

The Court does not need to reach the excusable neglect question or the Rule 11 question because the 90-day period was never triggered. The Notice of Death filed by Malletta's attorney was procedurally deficient for purposes of Rule 25. Malletta's attorney was not wrong to file such a notice, but this notice has no operative effect.

Under Rule 25, the "statement noting the death" is often called the "suggestion of death." *See, e.g.*, *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019). There are formal requirements for the suggestion of death to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties *and* nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."

*Id.* (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).

"[A]t a minimum," the suggestion of death must identify the decedent's successor or personal representative. *Id.* at 867; *see also Bailey v. MacFarland*, 2020 WL 5763825, at *4 n.2 (E.D. Cal. Sept. 28, 2020).

In this case, Rule 25 arises in an unusual matter. Ordinarily, if a defendant has died, the *plaintiff* would want the substitution so that the plaintiff's claims would not be dismissed. But here, the *Defendant's Estate* wants the substitution, and the Plaintiffs want the claims dismissed. The Plaintiffs did not file a suggestion of death and instead relied on the Notice of Death filed by Defendant's counsel. The Notice of Death is deficient under

MEMORANDUM DECISION AND ORDER - 4

Rule 25 because it "fails to identify any nonparty representatives or successors or serve notice to such parties."[2] *Bailey*, 2020 WL 5763825, at *4 n.2. Consequently, "the 90-day deadline to file a substitution motion pursuant to Rule 25 has not yet been triggered." *Id.*

Because the 90-day period has not yet been triggered, Rule 25 does not provide any grounds to dismiss the claims against Malletta. Accordingly, the Motion to Dismiss (Dkt. 92) is DENIED. For the same reason, the Motion to Substitute (Dkt. 93) is timely and the Court GRANTS that motion finding that Malletta may be properly substituted by his Estate.[3]

## IV. ORDER

The Court HEREBY ORDERS:

1.  LaKamps' Motion to Dismiss Defendant John Malletta (Dkt. 92) is DENIED.

2.  The Estate's Motion to Substitute (Dkt. 93) is GRANTED.

3.  The Estate of John Malletta is substituted for the decedent, Defendant John Malletta.

DATED: July 27, 2022

David C. Nye
Chief U.S. District Court Judge

---

[2] Malletta's attorney is not a "representative" for purposes of substitution. *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969).

[3] Preferably, the substitution would have occurred before the Malletta's motion for summary judgment (Dkt. 78) and joinder (Dkt. 88) were filed.