UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES M. LaKAMP and MARIANNE LaKAMP, husband and wife, individually and as Trustees of *The LaKamp Family Trust UTD February 23, 1999*; and CHARLES M. LaKAMP, doing business as *Metrom Associated Service*, a California sole proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN L. RUNFT, an individual; JOHN CRIGLER, an individual; JOHN MALLETTA, an individual; CWT, LLC, an Idaho limited liability company; IRWS LLC, an Idaho limited liability company, DORFKRÜG INTERNATIONAL, INC., an Idaho corporation; SIMCO VENTURE FUND, LLC, an Idaho limited liability company; RUNFT & STEELE LAW OFFICES, PLLC, an Idaho professional limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:20-cv-544-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants John Crigler, CWT, LLC, Dorfkrüg International, Inc., and Simco Venture Fund, LLC's (collectively "Simco Defendants'") Motion for Attorney Fees. Dkt. 160. The Simco Defendants request an award of $140,361.50 in attorney's fees, and $6,295.44 in costs. Dkt. 160, at 2. Having reviewed the record herein,

the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding delay, and because oral argument would not significantly aid the Court in its decision-making process, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon consideration, and for the reasons set forth below, the Motion for Attorney Fees is **GRANTED IN PART** and **DENIED IN PART**. The Simco Defendants are entitled to an award of $98,253.05 in attorney's fees.

## II. BACKGROUND

The Court has set forth the background of this case previously (Dkt. 129, at 2-17) and incorporates that background by reference. However, a relevant brief summary will be provided here. Plaintiffs Charles and Marianne LaKamp are a married couple who invested $250,000 in a landfill project in Elmore County, Idaho. The Simco Defendants are various parties connected with the acquisition of the landfill from nonparty Idaho Waste, and its subsequent conveyance to fellow Defendant IRWS, LLC.[1] The acquisition took place in two stages. First, Defendant CWT, LLC acquired the landfill from Idaho Waste. Second, CWT transferred the landfill to IRWS. Defendants Simco Venture Fund, LLC and Dorfkrüg International, Inc. ("DKI"), are members of IRWS. John Crigler is President and CEO of DKI, as well as a member of CWT.

The LaKamps purchased both a 2.2% stake in Simco Ventures from DKI, and an option to obtain an additional 14.3% interest for $1.75 million. Dkt. 129, at 28–29. Mr.

---

[1] Although IRWS is a defendant in this matter, it is not among the Simco Defendants and does not seek costs and fees in the motion presently under consideration.

MEMORANDUM DECISION AND ORDER - 2

LaKamp, however, maintained that he intended the investment to be a "short term loan" for a railcar tipper to be used at the landfill, and that the various defendants had fraudulently misrepresented the nature of the transaction. Dkt. 129, at 3–8, 11–17. Yet, on summary judgment, the LaKamps failed to show that they had reasonably relied on any specific false representation made by the Simco Defendants, nor did they present evidence indicating the 2.2% stake in Simco Ventures caused them any economic loss. Dkt. 129, at 17–24. The LaKamps' various alternate theories of liability fared no better.[2] Ultimately, the Court entered summary judgment against the LaKamps. Dkt. 158.

The Simco Defendants now seek costs under Federal Rule of Civil Procedure 54, and attorney's fees under Idaho Code §12-120(3), Idaho Code § 12-121, and the Idaho Rules of Civil Procedure. Dkt. 160; 161. The LaKamps admit that an award of some fees may be appropriate, but object to portions of the fees requested on legal, procedural, and substantive grounds. Dkt. 173. The Simco Defendants replied to the LaKamps' opposition (Dkt. 180) and the matter is now ripe for review.

### III. LEGAL STANDARD

**A. Federal Rule of Civil Procedure 54(d)**

Under the Federal Rules of Civil Procedure, a party may move for attorney's fees if

---

[2] Specifically, the Court further held : (1) the LaKamps failed to show the Defendants engaged in unfair practices, as that term is defined at Idaho Code § 48-603; (2) the LaKamps abandoned their claim for intentional infliction of emotional distress; (3) Simco Ventures and CWT received nothing of value from the LaKamps, precluding a claim of unjust enrichment against them; 4) Idaho common law bars equitable relief where the allegedly unjust benefit was conferred pursuant to a contract; (5) in any case, the Simco Defendants could not have been unjustly enriched because the LaKamps received both a 2.2% interest in Simco Ventures and an option in exchange for their investment; and (6) the LaKamps' various federal and state securities claims were either barred by the statute of limitations or failed for the same reasons their garden variety fraud claim failed. Dkt. 129, at 24–32.

MEMORANDUM DECISION AND ORDER - 3

the motion: (1) is filed no later than 14 days of entry of judgment; (2) specifies the judgment and statute, rule, or other grounds entitling the party to the award; (3) states the amount sought or provides a fair estimate of it; and (4) discloses, if so ordered by the court, the terms of the agreement for fees and services for which the claim is made. Fed. R. Civ. P. 54(d)(2)(B)(i)–(iv).

Federal courts sitting in diversity apply state law to state claims when determining whether a party is entitled to a fee award. *Safeco Ins. Co. of Ill. v. LSP Products Grp., Inc.*, 659 F. Supp. 3d 1131, 1135 (D. Idaho 2023). The state laws applicable to the Simco Defendants' Motion are Idaho Code §§ 12-120(3) and 12-121.

**B. Idaho Code § 12-120(3)**

Under Idaho Code § 12-120(3), a court must award reasonable attorney's fees to the prevailing party in a civil action to recover on a contract relating to the purchase or sale of merchandise, or in any other commercial transaction unless otherwise provided by law. The statute defines a commercial transaction as "all transactions except [those] for personal or household purposes." *Id.* To determine if attorney's fees should be awarded pursuant to § 12-120(3), the Court must analyze: (1) if there is a commercial transaction that is integral to the claim; and (2) if the commercial transaction [is] the basis upon which recovery is sought. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001). "In other words, the relevant inquiry is whether the commercial transaction constituted 'the gravamen of the lawsuit.'" *Garner v. Povey,* 259 P.3d 608, 615 (Idaho 2011) (citing *Great Plains*, 36 P.3d at 224).

MEMORANDUM DECISION AND ORDER - 4

### C. Idaho Code § 12-121

Idaho Code § 12-121 permits a court to award reasonable attorney's fees to the prevailing party if the court finds that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. "An award of attorney fees pursuant to Idaho Code section 12-121 is not a matter of right, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Evans v. Wright*, 554 P.3d 591, 602 (Idaho 2024) (cleaned up). "The standard for determining whether such an award should be made is not whether the position urged by the nonprevailing party is ultimately found to be wrong, but whether it is so plainly fallacious as to be frivolous." *Herbst v. Bothof Dairies, Inc.*, 719 P.2d 1231, 1235 (Idaho Ct. App. 1986).

### E. The Lodestar Method

"After establishing that a plaintiff is entitled to attorney's fees, the Court must calculate a reasonable fee award." *Animal Legal Def. Fund v. Otter*, 2016 WL 2910266, at *2 (D. Idaho May 18, 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). To calculate a reasonable fee award, courts in the Ninth Circuit use the two-step "lodestar method." *Mares-Orozco v. Guzman*, 2023 WL 5179674, at *4 (D. Idaho Aug. 10, 2023) (citing *Edmo v. Idaho Dep't of Correction*, 2022 WL 16860011, at *2 (D. Idaho Sept. 30, 2022)). The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). To establish the requested hours and rate are reasonable, the "burden is on the party seeking the fee award and can be carried by submitting evidence and

documents supporting the hours worked." *Id.* (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

## IV. DISCUSSION

The Simco Defendants seek attorney's fees under Idaho Code §§ 12-120 and 12-121, and cite Federal Rule of Procedure 54 and Idaho Rule of Civil Procedure 54 in support of their claims.

### A. Fees on Federal Claims.

The LaKamps' Amended Complaint contains ten claims against the Simco Defendants, seven of which arise under state law (claims 1–6 and 10), and the remaining three arising under federal law (claims 7–9). Dkt. 45.[3] The parties disagree on the importance of the distinction. The Simco Defendants argue that because the "gravamen" of the LaKamp's suit is a commercial investment, and Idaho law grants attorney's fees in commercial cases, Idaho law determines the issue of attorney's fees on all the LaKamps' claims. Dkt. 180 at 2. With respect to the Simco Defendants' request for attorney's fees, the LaKamps argue the Court should apply federal law on their federal claims and Idaho law on their state claims. Dkt. 173. The LaKamps are correct.

---

[3] The LaKamps argued they abandoned their claim for intentional infliction of emotional distress, precluding an award of attorney's fees. The LaKamps do not identify any authority or support for this position. Moreover, the Court did not find the LaKamps abandoned this claim until its Memorandum Decision and Order granting summary judgment in favor of the Simco Defendants. As such, the Simco Defendants incurred the costs of litigating this claim—including filing a Motion for Summary Judgment which addressed it. Therefore, the fees associated with the LaKamps' intentional infliction of emotional distress claim will still be awarded. *See Millard v. Talburt*, 544 P.3d 748, 763 (Idaho 2023) (holding a court should take a holistic view of the entire litigation when awarding attorney's fees, including the consideration of actions that increase litigation costs).

MEMORANDUM DECISION AND ORDER - 6

Under the *Erie* doctrine, federal courts apply state substantive law and federal procedural law when they consider state claims. *Klein v. City of Laguna Beach*, 810 F.3d 693, 701–02 (9th Cir. 2016) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Attorney's fees are substantive under *Erie*, meaning state attorney's fees law applies to state claims. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975). Further, under Ninth Circuit precedent, "it is the nature of the claim on which a party prevailed (federal or state) that determines the law that applies (federal or state) to any request for attorneys' fees." *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1151 (9th Cir. 2023); *see also Mahoney v. Barlow*, 452 F. App'x 724, 726–27 (9th Cir. 2011) (noting a district court may permissibly allocate fees to federal and state claims). The Court will therefore apply Idaho law on attorney's fees only with respect to the LaKamps' state claims.

In their Motion for Attorney Fees, the Simco Defendants cite "Idaho Rules of Civil Procedure 54(e)(1) and 54(e)(5), and Idaho Code §§ 12- 120(3) or 12-121." Dkt. 160 at 2. When addressing federal claims, "the federal common law of attorney's fees, and not [state] law, is the relevant authority." *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994). The Simco Defendants do not identify any federal authority to support their request for an award of attorney's fees on their federal claims. In the absence of a federal statute, rule, or contract authorizing an award of attorney's fees, the "American Rule"—requiring that each party bear its own attorney's fees—applies. *MRO Communications, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999); *Int'l Union of P.I.W. v. W. Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). The

Court therefore DENIES IN PART the Simco Defendants' request for attorney's fees insofar as they seek fees as to their federal claims. *See* F.R.C.P. 54(d)(2)(B)(ii). The Simco Defendants' fee award will be reduced by 30%.

**B. Fees on State Claims.**

The LaKamps do not oppose an award of fees under Idaho Code § 12-120(3). However, the Court must still determine whether a commercial transaction is the "gravamen" of each claim. *See Alcala v. Verbruggen Palletizing Solutions, Inc.*, 531 P.3d 1085, 1113 (Idaho 2023).

The Court finds the LaKamps' investment into the commercial landfill project qualifies as a commercial transaction under § 12-120(3). "A commercial transaction can be characterized as one in which the purpose for entering into the transaction was to generate income." *Carter v. Gateway Parks, LLC*, 483 P.3d 971, 984 (Idaho 2020) (citing *Stevens v. Eyer*, 387 P.3d 75, 80 (Idaho 2016)). Charles invested $250,000.00 with the understanding he would receive an interest in Simco, and presumably, a return on his investment. Because his purpose was to generate income, his investment constitutes a commercial transaction. Thus, the Simco Defendants are entitled to an award of fees and costs as the prevailing party on the LaKamps' unsuccessful state claims involving Charles's investment.

   1. *Fraud (Claim 1)*

As part of their fraud claim, the LaKamps asserted the Defendants collectively misrepresented what the LaKamps investment would be used for and what the LaKamps would receive in return. In bringing this claim, the LaKamps were clearly attempting to

recover based on their investment, a commercial transaction. The Simco Defendants may thus recover fees under § 12-120(3) on Claim One.

    2. *Fraud in the Inducement (Claim 2)*

As with their first fraud claim, the LaKamps' fraud in the inducement claim maintained the LaKamps only signed the Memorandum of Understanding embodying the agreement to invest because the Simco Defendants misrepresented both what the LaKamps would be investing in, and what the LaKamps would receive in return. Just as above, the LaKamps' fraud in the inducement claim attempted to recover on their investment, a commercial transaction. The Simco Defendants can consequently recover fees under § 12-120(3) on Claim Two.

    3. *ICPA (Claim 3)*

The LaKamps sought to recover under the Idaho Consumer Protection Act on the theory that the Simco Defendants misrepresented the nature of the $250,000 investment. The investment is at the center of the LaKamps' claim that the ICPA was violated. The Simco Defendants can therefore recover attorney's fees under § 12-120(3) on Claim Three.

    4. *Intentional Infliction of Emotional Distress (Claim 4)*

The LaKamps alleged they suffered emotional distress due to the Simco Defendants' misrepresentations about the investment, and that such misrepresentations qualified as extreme and outrageous conduct. The LaKamps' alleged distress was directly related to the money they invested in the landfill project. The Simco Defendants may accordingly recover under § 12-120(3) on Claim Four.

5. *Unjust Enrichment (Claim 5)*

Again, the LaKamps based their unjust enrichment claim on the allegation that the Defendants collectively defrauded them out of their money "through smooth talking and giving false hopes of substantial return on investment." Dkt. 45, at 33. The LaKamps brought their unjust enrichment claim to preclude the Simco Defendants from "retain[ing] the benefit of the fraudulently obtained money." *Id.* The landfill investment is at the heart of this claim. Section 12-120(3) thus applies, and the Simco Defendants may recover their attorney's fees on Claim Five.

6. *Declaratory Judgment (Claim 6)*

Under this cause of action, the LaKamps sought a declaratory judgment of their rights related to their investment under the Memorandum of Understanding. Thus, the investment was the basis of Claim Six, and attorney's fees can be awarded under § 12-120(3).

7. *Idaho Securities Fraud (Claim 10)*

The LaKamps' securities fraud claim centered on the "misrepresentations and omissions of material fact to Plaintiffs in connection with the purchase and sale of securities in Simco." Dkt. 45, at 38. Again, the LaKamps' investment in the landfill project was the basis for this claim, and fees are appropriate under § 12-120(3).

The Court accordingly finds the Simco Defendants are entitled to attorney's fees on seven of their ten claims. Because fees are appropriate under Idaho Code § 12-120(3), the Court need not reach the issue of whether fees are also warranted under Idaho Code § 12-121.

### B. Lodestar Calculation

As outlined above, the Simco Defendants are entitled to limited attorney's fees under Idaho Code § 12-120(3). The Court will accordingly assess the "lodestar" amount—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate—to calculate an appropriate final award.

*1. Reasonable Rates*

"In determining a reasonable fee award, the Court should consider both the 'experience, skill, and reputation of the attorney requesting fees,' *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), and 'the prevailing market rates in the relevant community,' *Blum v. Stenson*, 465 U.S. 886, 895 (1984)." *Mares-Orozco v. Guzman*, 2023 WL 5179674, at *4 (D. Idaho Aug. 10, 2023). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, the Simco Defendants retained counsel on an hourly basis. Jed Manwaring, Jon T. Simmons, and a Valerie R. Altig (a paralegal) worked on the case at rates of $325/hr., $300/hr., and $85/hr., respectively. The Simco Defendants were represented by the same legal team. Mr. Manwaring has 40 years of experience; Mr. Simmons has 31. The Court agrees with the Simco Defendants' assertion that the rates charged in this case are equal to, and often less than, other rates that the Court has recently approved. *See, e.g.*, *Mares-Orozco*, 2023 WL 5179674, at *5 (noting federal courts in Idaho regularly award fees at rates of $400 per hour or more). Mr. Manwaring submitted an affidavit that the rates

MEMORANDUM DECISION AND ORDER - 11

requested in this case are reasonable in the Boise market. Dkt. 161, at 2. Additionally, the LaKamps have not challenged the reasonableness of this requested rates whatsoever. The Court therefore finds the Simco Defendants' requested hourly rates are reasonable.

### 2. Reasonable Hours Expended

A court may exclude from the fee calculation hours that were not "reasonably expended," such as hours which are "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The fee applicant bears the burden of proof and "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (cleaned up). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Here, the Simco Defendants have provided billing records together with the general subject matter of each time expenditure. Dkt. 161-1, at 1–15. The LaKamps challenge a few entries as being "excessive amounts for work identified." The Court will address each in turn.

The first questioned entry is dated September 27, 2021. It lists 5.8 hours of work for "Revisions and additions to First Requests for Production of Documents to LaKamps; Revisions and additions to First Interrogatories to LaKamps; Telephone confeence [*sic*] with J. Crigler regarding the same." The total billed for that entry is $1,740. The LaKamps contend the brief description does not justify the number of hours claimed. However, the

MEMORANDUM DECISION AND ORDER - 12

surrounding entries suggest that the "revisions and additions" on September 27, 2021, were some of the first hours defense counsel worked on discovery. Drafting, adding to, and revising interrogatories at the beginning of a case can take significantly more time than preparing subsequent requests. In addition, a telephone conference with a client regarding discovery disclosures can take substantial time. The Court therefore declines to reduce the reasonable hours worked on September 27, 2021.

The LaKamps also challenge two entries (on August 28, 2022 and September 1, 2022) and parts of a third (on September 2, 2022) collectively billing 12 hours of work and $2,600 in fees for time spent preparing for the September 2, 2022 hearing on Defendants' motion for summary judgment. The LaKamps argue this amount of time is excessive. The Court disagrees for two reasons. First, the Simco Defendants prevailed on their summary judgment motion, and it is difficult, if not impossible, for the Court to estimate how much—or, indeed, whether any—of that preparation was unnecessary. Second, counsel for the Simco Defendants have already reduced the amounts requested in these entries by 12% in recognition of the work they did on their counterclaims, which are not the subject of the instant fee request. Dkt. 161, at 2, 3. Adjusted for the excluded time spent on counterclaims, the Simco Defendants request fees for just over 10.5 hours. Finally, given the many claims at issue, the Court finds spending 10.5 preparing for a summary judgment hearing is reasonable.

Third, the LaKamps challenge an entry of 4.6 hours on March 21, 2023, for "Work on request for attorney fees; Telephone call from T. Banducci; Office conference wit[cut off]," totaling $1,380 in fees. The LaKamps argue the entry's wording does not support the

MEMORANDUM DECISION AND ORDER - 13

amount of time worked. While a portion of the description is cut off, it is reasonable that drafting a request for attorney's fees, combined with a phone call and office conference, could total 4.6 hours of work. The Court therefore finds the amount requested is reasonable.

Fourth, the LaKamps challenge a 2.4-hour entry dated March 22, 2023, for "Telephone calls (2) with Tom Banducci; Emails from and to T. Banducci; Emails to and from [cut off]," and totaling $720 in fees. A combination of multiple phone calls and emails with multiple parties may reasonably take 2.4 hours, and the Court is inclined to defer to the professional judgment of counsel. Again, the Court finds this amount of time is reasonable.[4]

After careful review, there are no other entries the Court finds to be "excessive, redundant, or otherwise unnecessary[.]" The LaKamps also do not make any additional challenges, and the Simco Defendants have provided adequate support for their entries. Therefore, after the reductions set forth above, the Court finds the lodestar figure of $140,361.50 is presumptively reasonable and will award 70% of that total (that is, $98,253.05), absent any adjustments.

### 3. Costs

Under Rule 54, a prevailing party is entitled to their costs. Fed. R. Civ. P. 54(d)(1). There is no dispute that the Simco Defendants are prevailing parties, and they have requested $6,295.44 in costs. However, the LaKamps argue the Simco Defendants failed

---

[4] The LaKamps also challenge paralegal fees on identical grounds to those stated in their general objection to fees on their federal claims. Dkt. 173 at 8. For the reasons identified above, the Court will reduce Defendants' overall award by 30%, which will accommodate the LaKamps' request regarding paralegal fees.

to meet and confer before requesting costs, as required under Local Rule 54.1. The Simco Defendants do not dispute that they failed to meet and confer prior to filing their bill of costs. Their failure to meet and confer "begins and ends the Court's analysis." *Edmo v. Idaho Department of Correction*, 679 F.Supp.3d 993, 1017 (D. Idaho 2022) *affirmed in part and reversed in part on other grounds sub nom Edmo v. Corizon*, 97 F.4th 1165 (9th Cir. 2024). Because the Simco Defendants failed to meet and confer as required by Local Rule 54.1, their application for costs is denied.

### 4. Kerr Adjustments

As a final step in the lodestar method, the Court must measure the lodestar figure against the factors—originally laid out in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975)—to determine whether an adjustment to the lodestar figure is necessary. *Mares-Orozco*, 2023 WL 5179674, at *5. The "*Kerr* factors" include the: "(1) time limitations imposed by the client or the circumstances, (2) the 'undesirability' of the case, (3) the nature and length of the professional relationship with the client, and (4) awards in similar cases." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (cleaned up); *Kerr*, 526 F.2d at 70. "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (cleaned up). "The burden of proving that such an adjustment is necessary" is on the party seeking the adjustment. *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Here, neither party has requested any adjustment to the lodestar figure, nor has either pleaded any facts that would indicate such an adjustment is appropriate. While this case has been lengthy, there are no facts to suggest the burden of representation fell outside of

the relative norm. There is also no indication there is a unique professional relationship between the Simco Defendants and their legal team.

In short, under the totality of circumstances, including the overall reasonableness of both the rates and hours requested, the fact that neither party sought an adjustment, and the *Kerr* factors outlined above, the Court finds it is not necessary to adjust the lodestar amount except with respect to the 30% adjustment associated with the LaKamps' federal claims. .

## V. CONCLUSION

The LaKamps brought ten claims against the Simco Defendants. A commercial transaction was the gravamen of seven of those claims. As such, the Simco Defendants are entitled to an award of attorney's fees under Idaho Code § 12-120(3) on those seven claims but failed to provide an adequate basis for recovery on the other three claims. Accordingly, the Simco Defendants are awarded 70% of the reasonable lodestar figure of $140,361.50. Additionally, the Simco Defendants failed to follow local rules in submitting a bill of costs after a meet and confer and are therefore unable to recover their requested costs. In sum, the Simco Defendants are awarded a total of $98,253.05 in attorney's fees.

## VI. ORDER

It is **HEREBY ORDERED**:

1. The Simco Defendants' Motion for Attorney's Fees (Dkt. 160) is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

2. The Court awards the Simco Defendants attorney's fees in the amount of $98,253.05.

3.  The LaKamps must pay the fee award within thirty (30) days of the date of this Order.

DATED: September 17, 2025

_____
David C. Nye
Chief U.S. District Court Judge